UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL PINKSTON,

    Plaintiff,

v.                             Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, RANDY
LARSEN, DAVID MERKLER and
MATTHEW BATTISTINI,

    Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Defendant Matthew Battistini's Motion to Quash Service of Process and Dismiss Plaintiff's Amended Verified Complaint (Doc. # 12), filed on December 17, 2018. Pro se Plaintiff Rachel Pinkston responded on December 31, 2018. (Doc. # 15). For the reasons that follow, the Motion is granted.

**I.    <u>Background</u>**

Pinkston, a former student at the University of South Florida ("USF"), initiated this breach of contract and Title IX action against Defendants USF Board of Trustees, Chemistry Department Chair Randy Larsen, Professor David Merkler, and Teaching Assistant Matthew Battistini. (Doc. # 1). On November 8, 2018, Pinkston's motion for leave to proceed *in*

1

*forma pauperis* was granted. (Doc. # 5). Thereafter, Pinkston provided summonses and copies of the Complaint to the United States Marshals for service. The summonses listed the same address for each Defendant: "University of South Florida Board of Trustees, 4202 E. Fowler Avenue, Tampa, FL 33620." (Doc. ## 8, 9). The return of service documents indicate that process for each Defendant was served on USF's Office of General Counsel — located at 4202 E. Fowler Avenue, Tampa, FL 33620 — on December 13, 2018. (Doc. # 13).

On December 17, 2018, Battistini appeared in order to file the instant Motion to Quash. Battistini contends that service on USF's Office of General Counsel was insufficient because he is no longer employed by USF and he did not authorize USF to accept service on his behalf. (Doc. # 12 at 2-3). Pinkston filed a response in opposition on December 31, 2018. (Doc. # 15). The Motion is ripe for review.

## II. Analysis

Federal Rule of Civil Procedure 4(c) prescribes that the plaintiff bears the responsibility for effecting service. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). A defendant may assert

the defense of insufficient service of process by way of a pre-answer motion. Fed. R. Civ. P. 12(b)(5). And "[w]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." Andujar v. All Coast Transporters, Inc., No. 12-62091-CIV, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (quoting Familia de Boom v. Arose Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980)).

> Federal Rule of Civil Procedure 4(e) states:
>
> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Additionally, Florida law provides that service may be made by personally serving the defendant or by leaving process at the defendant's "usual place of abode with any person residing therein who is 15 years of age or older

and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Here, because Battistini claims that service of process was invalid, Pinkston must show that she effected proper service on Battistini. Pinkston begins by arguing that service was proper because the United States Marshals Service served USF's Office of General Counsel, which signed and accepted service on Battistini's behalf. (Doc. # 15 at 1-2). However, as the party with the burden to establish service was properly effected, Pinkston offers no support to show that USF was authorized by agreement or law to receive service on Battistini's behalf. And service upon an individual through a nonauthorized agent for service of process at the individual's former employer is insufficient under Rule 4. See Melton v. Wiley, 262 F. App'x 921, 923 (11th Cir. 2008) ("No provision [of Rule 4] is made for leaving [process] at the individual's usual place of business or with the individual's employer."). The fact that USF's Office of General Counsel accepted the process on Battistini's behalf does not bind Battistini to the Court's jurisdiction.

"[*I*]*n forma pauperis* litigants should be entitled to rely on the . . . United States Marshals to effect proper service, and should not be penalized for failure to effect

4

service where such failure is not due to fault on the litigant's part." Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990). Nonetheless, as the Court previously explained, "it remains [Pinkston's] burden to ensure service on all defendants is accomplished within 90 days from when the complaint was filed." (Doc. # 6 at 5); see also Pouyeh v. Pub. Health Tr. of Jackson Health Sys., 718 F. App'x 786, 789-90 (11th Cir. 2017) (per curiam) ("We liberally construe the filings of *pro se* litigants. Nevertheless, we still require them to comply with procedural rules, like the rules of service in Rule 4." (citations omitted)). Specifically, Pinkston is obligated to provide the current addresses for each Defendant, so that the Marshals can effect service of process. See Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (per curiam) (affirming dismissal of pro se plaintiff's claims after failing to comply with court order to provide current address for defendant who Marshals were unable to serve).

Pinkston also argues service is proper on all Defendants, including Battistini, because they are all represented by the same lawyer. (Doc. # 15 at 2). According to Pinkston, Defendants' attorney "was notified via the [Court's] electronic filing system of the return of the

5

Complaint and Summons and all Defendants were thusly served in this manner as well." (Id.). However, it does not appear that Battistini has appointed his attorney as his agent for service of process. See Durbin Paper Stock Co. v. Hossain, 97 F.R.D. 639, 639 (S.D. Fla. 1982) ("[A] party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney."). Moreover, service of process is not effected on Battistini's attorney merely because he received notice of service upon his clients via the Court's filing system. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("A defendant's actual notice is not sufficient to cure defectively executed service.").

Finally, Pinkston avers that "[t]he act of filing several motions on [Battistini's] behalf waives the argument that Defendant Battistini does not have knowledge of the proceedings." (Doc. # 15 at 3). However, only the instant Motion to Quash Service of Process has been filed on Battistini's behalf. And filing a motion that challenges service of process does not give the Court personal jurisdiction over Battistini. See Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854 (11th Cir. 2010) ("A defendant normally only waives a personal jurisdiction

6

defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process.").

In sum, Pinkston has not established that service was properly perfected on Battistini. Nonetheless, although Battistini requests dismissal of Pinkston's Amended Complaint, (Doc. # 12 at 5), the Court declines to do so. Instead, Pinkston is directed to provide a copy of the Amended Complaint and a summons with Battistini's correct address to the Clerk by **January 17, 2019**. Thereafter, the United States Marshals Service is directed to serve process upon Battistini by **February 19, 2019**.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant Matthew Battistini's Motion to Quash Service of Process and Dismiss Plaintiff's Amended Verified Complaint (Doc. # 12) is **GRANTED** to the extent provided herein.

(2) Plaintiff Rachel Pinkston is directed to complete and return a summons with Battistini's correct address to the Clerk by **January 17, 2019**, whereupon the United States Marshals Service is directed to serve the summons and Amended Complaint upon Battistini.

(3) Service of process on Battistini must be perfected in accordance with Federal Rule of Civil Procedure 4 by **February 19, 2019.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of January, 2019.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE