UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL NICOLE HOFFLER PINKSTON,

    Plaintiff,

v.                              Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES, RANDY LARSEN, DAVID
MERKLER, JUDY GENSHAFT,
and ERIC EISENBERG,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendants Eric Eisenberg, Judy Genshaft, Randy Larsen, and David Merkler's Motion to Dismiss the Amended Verified Complaint (Doc. # 55), filed on March 11, 2019. Pro se Plaintiff Rachel Nicole Hoffler Pinkston filed a response in opposition on March 25, 2019. (Doc. # 71). For the reasons that follow, the Motion is granted.

**I.    Background**

Pinkston initiated this action on October 29, 2018 (Doc. # 1), and filed her Amended Verified Complaint on November

1

28, 2018. (Doc. # 7).¹ Pinkston asserts claims for breach of contract and Title IX retaliation against Defendants University of South Florida Board of Trustees ("USFBOT"), Eisenberg, Genshaft, Larsen, and Merkler. (Id.).

Eisenberg, Genshaft, Larsen, and Merkler are all employees of the University of South Florida. Genshaft is the University President. (Doc. # 7-1 at 4). Eisenberg is the Dean of the College of Arts and Sciences. (Id. at 3). Larsen is a professor and Chair of the Chemistry Department. (Id. at 2). Merkler was Pinkston's Biochemistry professor. (Id. at 2-3).

Pinkston alleges that USFBOT, Eisenberg, Genshaft, Larsen, and Merkler breached a contract with her by failing to award her a Bachelor of Science degree in Chemistry. (Doc. # 7 at 2-4). Specifically, she asserts that "[u]pon agreeing to enroll at USF, [she] made adequate consideration and reasonable contract with Defendants by (1) paying tuition including all costs and fees and (2) by attending and

---

¹ This case is related to a previous case between the majority of the parties, Pinkston v. Univ. of S. Fla. Bd. of Trs. et al., 8:15-cv-1724-T-33TBM. In that case, the Court dismissed the majority of the claims against USFBOT, Larsen, Merkler, and Matthew Battistini but allowed the Title IX retaliation claim against USFBOT to survive. See 8:15-cv-1724-T-33TBM at (Doc. # 198). Pinkston then voluntarily dismissed that remaining claim, leading to the re-filing of the action here.

2

participating in all courses determined by the university to satisfy requirements for [Pinkston]'s degree." (Id. at 3). Yet, despite allegedly satisfying all degree requirements and participating in the May 1, 2015, commencement ceremony presided over by Genshaft, USF later notified Pinkston that she "was 'being denied graduation' . . . [and] that her 'degree was being rescinded' and would not be delivered as contracted." (Id.). Thus, according to Pinkston, "Defendants failed to perform under the contract when they failed to deliver [her] well-earned, paid for, unconditional, certified, and conferred degree in Chemistry with an emphasis in Biochemistry." (Id. at 4). Pinkston seeks specific performance of the alleged contract and delivery of her degree. (Id. at 7, 9).

Pinkston further alleges that Defendants retaliated against her in violation of Title IX because she had complained to USF's Equal Opportunity Office and Genshaft's Office on April 28, 2015, about alleged sex discrimination in the Chemistry Department. (Id. at 5). Genshaft's assistant and USFBOT's General Counsel allegedly told Pinkston "to report [] Merkler and [] Battistini's unlawful behavior to [] Larsen or file a lawsuit as there was 'nothing they could do.'" (Id.). Pinkston then reported the alleged

3

discrimination to Larsen and Larsen attempted to schedule a meeting to discuss the alleged discrimination with Pinkston. (Id.). But Pinkston declined to attend the meeting because Larsen asked to meet Pinkston "after hours, at a remote office on campus" and would not allow third parties to attend the meeting. (Id.). A few days later, she participated in the May 1 commencement ceremony but, as mentioned above, was informed two weeks later that she was not being awarded her degree. (Id. at 5-6). The Amended Verified Complaint alleges: "In retaliation for reporting Defendants' unlawful behavior, [] USFBOT unlawfully and without due process rescinded [Pinkston]'s well-earned, paid for, unconditional, certified and conferred degree in Chemistry with an emphasis in Biochemistry." (Id. at 6).

Eisenberg, Genshaft, Larsen, and Merkler filed their Motion to Dismiss (Doc. # 55) on March 11, 2019, and Pinkston has responded. (Doc. # 71). The Motion is ripe for review.

## II. Legal Standard

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to

4

rewrite a deficient pleading." McFarlin v. Douglas County, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

5

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where, as here, the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

III. **Analysis**

As a preliminary matter, the Court rejects Pinkston's argument that the Motion to Dismiss should be denied on procedural grounds. (Doc. # 71 at 1). While the Motion is not labeled as dispositive as prescribed by Local Rule 3.01(h), the Court declines to deny the Motion on this ground. Furthermore, the Motion's contents do not violate Federal Rule of Civil Procedure 11, as Pinkston contends. (Id. at 2-4).

Therefore, the Court will address the Motion on its merits and analyze the various arguments for dismissal separately.

**A.  Shotgun Complaint**

First, Eisenberg, Genshaft, Larsen, and Merkler argue the Amended Verified Complaint should be dismissed as a shotgun complaint. (Doc. # 55 at 6-8). They note that numerous paragraphs in the Amended Verified Complaint and attached exhibit, which includes factual allegations, are not numbered. (Id. at 6). The failure to number paragraphs violates Federal Rule of Civil Procedure 10(b). See Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Additionally, Eisenberg, Genshaft, Larsen, and Merkler argue the Amended Verified Complaint impermissibly fails to specify whether the breach of contract and Title IX retaliation claims are brought against these Defendants in their official or individual capacities. (Doc. # 55 at 7-8). As this Court has recognized, "[a] complaint that does not specify whether a defendant is sued in their individual or official capacities, or both, is a deficient shotgun pleading." Pinkston v. Univ. of S. Fla. Bd. of Trustees, No. 8:15-cv-1724-T-33TBM, 2016 WL 3196474, at *6 (M.D. Fla. June 9, 2016)(citing Thorn v. Randall, No. 8:14-cv-862-T-36MAP, 2014 WL 5094134, at *2 (M.D. Fla. Oct. 24, 2014)).

7

While the Amended Verified Complaint violates basic pleading standards in some respects, the Court finds that the Amended Verified Complaint is not confusing and still permits Eisenberg, Genshaft, Larsen, and Merkler to ascertain the nature of the claims against them. Eisenberg, Genshaft, Larsen, and Merkler have failed to identify any prejudice they have suffered as a result of these pleading failures. See United States ex rel. Silva v. VICI Mktg., LLC, No. 8:15-cv-444-T-33TGW, 2019 WL 587589, at *5 (M.D. Fla. Feb. 13, 2019)("[Defendants] have not identified any prejudice caused by this pleading error. The Complaint in partial intervention is not confusing and will not be dismissed as a shotgun complaint."). Indeed, Eisenberg, Genshaft, Larsen, and Merkler have raised substantial arguments for dismissal of the claims under either their official or individual capacities.

As such, the Court declines to dismiss the Amended Verified Complaint as a shotgun complaint. The Court will address the merits arguments for dismissal next.

B. **Breach of Contract**

Eisenberg, Genshaft, Larsen, and Merkler argue the breach of contract claim (Count I) must be dismissed to the extent it is brought against them in their official capacities

8

because they have sovereign immunity. (Doc. # 55 at 8-10). The Court agrees.

An assertion of Eleventh Amendment immunity challenges a court's subject matter jurisdiction and "must be resolved before a court may address the merits of the underlying claim(s)." Seaborn v. State of Fla., Dep't of Corrections, 143 F.3d 1405, 1407 (11th Cir. 1998).

The Eleventh Amendment states, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. "Although the text of the Eleventh Amendment does not appear to bar federal suits against a state by its own citizens, the Supreme Court long ago held that the Amendment bars these suits." Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., 421 F.3d 1190, 1192 (11th Cir. 2005). Furthermore, it is "well-settled that Eleventh Amendment immunity bars suits brought in federal court when an arm of the State is sued." Id. (citation and internal quotation marks omitted).

"USF is an arm of the state for Eleventh Amendment purposes." Pinkston, 2016 WL 3196474, at *4; see also Saavedra v. Univ. of S. Fla. Bd. of Trs., No. 8:10-cv-1935-T-17TGW,

9

2011 WL 1742018, at *2-3 (M.D. Fla. May 6, 2011) (finding USFBOT entitled to Eleventh Amendment immunity). And, importantly, Eleventh Amendment immunity of a state agency extends to state agents acting in their official capacities. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003)("To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State."); see also Harrison v. Office of State Courts Adm'r, No. 6:06-cv-1878-Orl-19UAM, 2007 WL 1576351, at *5 (M.D. Fla. May 30, 2007)("[T]he Eleventh Amendment's jurisdictional bar also applies to state common law claims against state officials.").

"But even in those situations in which the Eleventh Amendment bars suits, a party may sue the state if the state has waived its immunity or if Congress has validly abrogated the state's immunity." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1301 (11th Cir. 2007). Florida has only waived its sovereign immunity for contract claims in which an express, written contract exists. See Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5-6 (Fla. 1984)("[W]here the state has entered into a contract fairly

10

authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract. . . . [O]ur holding here is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter."); see also Williams v. Fla. State Univ., No. 4:11-CV-350-MW/CAS, 2014 WL 340562, at *6 (N.D. Fla. Jan. 29, 2014)("[S]overeign immunity is not waived for claims based on an unwritten, implied contract."), aff'd sub nom. Williams v. Becker, 608 F. App'x 905 (11th Cir. 2015).

Here, the Amended Verified Complaint does not allege that an express, written contract promising to bestow Pinkston with a degree in exchange for tuition exists. In fact, "[w]hile a student's relationship with his university is contractual in nature, it is an implied contract and not an express, written contract." Williams, 2014 WL 340562, at *6. So, the breach of contract claim against Eisenberg, Genshaft, Larsen, and Merkler in their official capacities as agents of USF does not fall within Florida's waiver of sovereign immunity. See Id. ("Even accepting that there is an implied contractual relationship between Plaintiff and [FSU], because sovereign immunity has not been waived from suits

alleging the breach of an implied, unwritten contract, summary judgment should be granted in [FSU]'s favor.").

Therefore, the breach of contract claim against Eisenberg, Genshaft, Larsen, and Merkler in their official capacities is barred by the Eleventh Amendment and Florida's sovereign immunity and is dismissed without prejudice. The claim is barred even though Pinkston seeks specific performance of a contract rather than damages. See Harrison, 2007 WL 1576351, at *5 (holding that "the Eleventh Amendment deprive[d] the Court of jurisdiction with regard to all of Plaintiff's breach of contract claims," including a claim for specific performance); see also Tamiami Partners ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1226 (11th Cir. 1999)("It is well established that Ex parte Young does not permit individual officers of a sovereign to be sued when the relief requested would, in effect, require the sovereign's specific performance of a contract."); Dover Elevator Co. v. Ark. State Univ., 64 F.3d 442, 447 (8th Cir. 1995)("ASU's trustees, in their official capacity, are immune from Dover's state law breach of contract action, whether damages or specific performance is the remedy sought.").

Next, Eisenberg, Genshaft, Larsen, and Merkler argue the breach of contract claim should also be dismissed for failure to state a claim to the extent it is brought against them in their individual capacities. (Doc. # 55 at 13). They assert: "[Pinkston], in her Amended Verified Complaint, has not alleged that any of [them], in their individual capacities, entered into a contractual agreement to provide [Pinkston] with a bachelor's degree; nor can she truthfully assert such a claim." (Id.).

Again, the Court agrees. A fair reading of the Amended Verified Complaint shows that Pinkston is not basing her breach of contract claim on any contract between herself and Eisenberg, Genshaft, Larsen, and Merkler individually. Rather, Pinkston maintains that she had a contract with USF through her enrollment in the university. (Doc. # 7 at 2-3).

Thus, although Eisenberg, Genshaft, Larsen, and Merkler are employees of USF, they are non-parties to the contract alleged in the Amended Verified Complaint. See Morgan Stanley DW Inc. v. Halliday, 873 So. 2d 400, 403 (Fla. 4th DCA 2004)("Unless a person is a party to a contract, that person may not sue - or, for that matter, be sued - for breach of that contract where the non-party has received only an incidental or consequential benefit of the contract."). As

such, amendment of the breach of contract claim against Genshaft, Larsen, and Merkler in their individual capacities would be futile and that claim is dismissed with prejudice.

**C.      Title IX Retaliation**

Eisenberg, Genshaft, Larsen, and Merkler argue the Title IX retaliation claim (Count II) should be dismissed with prejudice whether it is brought against them in their official or individual capacities. (Doc. # 55 at 10-11, 13).

As the Court explained in the previous action, "Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations." Pinkston, 2016 WL 3196474, at *6 (quoting Williams, 477 F.3d at 1300). The Eleventh Circuit has embraced this principle in numerous cases. See, e.g., Hill v. Cundiff, 797 F.3d 948, 977 (11th Cir. 2015)("Title IX is enforceable against institutions and programs that receive federal funds, but does not authorize suits against individuals."); Shotz v. City of Plantation, 344 F.3d 1161, 1170 n.12 (11th Cir. 2003)("[W]e have held that, like Title VI, Title IX does not recognize individual liability."); Hartley v. Parnell, 193 F.3d 1263, 1270 (11th Cir. 1999)("Ms. Hartley contends Parnell is liable under Title IX for failing to adequately respond to [a teacher's] sexual abuse. Ms. Hartley is

incorrect. Individual school officials, such as Parnell, may not be held liable under Title IX."). Thus, the Title IX claim against Eisenberg, Genshaft, Larsen, and Merkler is dismissed, regardless of whether the claim was brought against them in their official or individual capacities.

Even if Title IX claims were permissible against individuals in their official capacities, the Title IX claim would still be subject to dismissal here as duplicative of the Title IX claim against USFBOT. See Rondini v. Bunn, No. 7:17-CV-01114-RDP, 2018 WL 317713, at *17 (N.D. Ala. Jan. 8, 2018)("Plaintiffs' Title IX claim against Defendant Bell cannot go forward because Bell is an individual employee of the University, not a funding recipient. . . . And, to the extent the claim is being brought against Bell in an official capacity, it is duplicative because the University is also being sued under Title IX. Therefore, the claim against Defendant Bell is due to be dismissed.").

As such, Count II is dismissed with prejudice as to Eisenberg, Genshaft, Larsen, and Merkler.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Eric Eisenberg, Judy Genshaft, Randy Larsen, and David Merkler's Motion to Dismiss the Amended Verified Complaint (Doc. # 55) is **GRANTED.**

(2) Counts I and II are **DISMISSED** to the extent they are brought against Eisenberg, Genshaft, Larsen, and Merkler. Count I is **DISMISSED** without prejudice to the extent it is brought against Eisenberg, Genshaft, Larsen, and Merkler in their official capacities and is **DISMISSED** with prejudice to the extent it is brought against them in their individual capacities. Count II is **DISMISSED** with prejudice in its entirety.

(3) The Clerk is directed to terminate Eisenberg, Genshaft, Larsen, and Merkler as parties to this action.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 27th day of March, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE