UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RACHEL NICOLE HOFFLER PINKSTON,

     Plaintiff,

v.                          Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES, RANDY LARSEN, DAVID
MERKLER, JUDY GENSHAFT,
and ERIC EISENBERG,

     Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of Defendant University of South Florida Board of Trustees' ("USFBOT") Motion to Dismiss the Amended Verified Complaint (Doc. # 56), filed on March 11, 2019. Pro se Plaintiff Rachel Nicole Hoffler Pinkston filed a response in opposition on March 25, 2019. (Doc. # 71). For the reasons that follow, the Motion is granted in part and denied in part.

I.   **Background**

Pinkston initiated this action on October 29, 2018 (Doc. # 1), and filed her Amended Verified Complaint on November

28, 2018. (Doc. # 7).[1] Pinkston asserts claims for breach of contract and Title IX retaliation against USFBOT and Defendants Eric Eisenberg, Judy Genshaft, Randy Larsen, and David Merkler. (Id.).

Eisenberg, Genshaft, Larsen, and Merkler are all employees of the University of South Florida. Genshaft is the University President. (Doc. # 7-1 at 4). Eisenberg is the Dean of the College of Arts and Sciences. (Id. at 3). Larsen is a professor and Chair of the Chemistry Department. (Id. at 2). Merkler was Pinkston's Biochemistry professor. (Id. at 2-3).

Pinkston alleges that Defendants breached a contract with her by failing to award her a Bachelor of Science degree in Chemistry. (Doc. # 7 at 2-4). Specifically, she asserts that "[u]pon agreeing to enroll at USF, [she] made adequate consideration and reasonable contract with Defendants by (1) paying tuition including all costs and fees and (2) by attending and participating in all courses determined by the

---

[1] This case is related to a previous case between the majority of the parties, Pinkston v. Univ. of S. Fla. Bd. of Trs. et al., 8:15-cv-1724-T-33TBM. In that case, the Court dismissed the majority of the claims against USFBOT, Larsen, Merkler, and Matthew Battistini but allowed the Title IX retaliation claim against USFBOT to survive. See 8:15-cv-1724-T-33TBM at (Doc. # 198). Pinkston then voluntarily dismissed that remaining claim, leading to the re-filing of the action here.

university to satisfy requirements for [Pinkston]'s degree."
(Id. at 3). Yet, despite allegedly satisfying all degree
requirements and participating in the May 1, 2015,
commencement ceremony presided over by Genshaft, USF later
notified Pinkston that she "was 'being denied graduation' .
. . [and] that her 'degree was being rescinded' and would not
be delivered as contracted." (Id.). Thus, according to
Pinkston, "Defendants failed to perform under the contract
when they failed to deliver [her] well-earned, paid for,
unconditional, certified, and conferred degree in Chemistry
with an emphasis in Biochemistry." (Id. at 4). Pinkston seeks
specific performance of the alleged contract and delivery of
her degree. (Id. at 7, 9).

Additionally, Pinkston alleges that Defendants
retaliated against her in violation of Title IX because she
had complained to USF's Equal Opportunity Office and
Genshaft's Office on April 28, 2015, about alleged sex
discrimination in the Chemistry Department. (Id. at 5).
Genshaft's assistant and USFBOT's General Counsel allegedly
told Pinkston "to report [] Merkler and [] Battistini's
unlawful behavior to [] Larsen or file a lawsuit as there was
'nothing they could do.'" (Id.). So, Pinkston then reported
the alleged discrimination to Larsen, who attempted to

schedule a meeting to discuss the alleged discrimination with Pinkston. (Id.). But Pinkston declined to attend the meeting because Larsen had asked to meet her "after hours, at a remote office on campus," and would not allow third parties to attend. (Id.).

Three days later, Pinkston participated in the May 1 commencement ceremony. Two weeks later, however, she was told that she was not being awarded her degree. (Id. at 5-6). The Amended Verified Complaint alleges: "In retaliation for reporting Defendants' unlawful behavior, [] USFBOT unlawfully and without due process rescinded [Pinkston]'s well-earned, paid for, unconditional, certified and conferred degree in Chemistry with an emphasis in Biochemistry." (Id. at 6).

USFBOT filed its Motion to Dismiss (Doc. # 56) on March 11, 2019, and Pinkston has responded. (Doc. # 71). The Motion is ripe for review.

## II. **Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to

rewrite a deficient pleading." <u>McFarlin v. Douglas County</u>, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. <u>St. George v. Pinellas County</u>, 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where, as here, the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990).

**III. <u>Analysis</u>**

The Court will address the various arguments for dismissal separately.

### A. <u>Shotgun Complaint</u>

First, USFBOT argues the Amended Verified Complaint should be dismissed as a shotgun complaint. (Doc. # 56 at 6-7). But, as the Court explained in its Order on Eisenberg, Genshaft, Larsen, and Merkler's Motion to Dismiss the Amended Verified Complaint, "the Court finds that the Amended Verified Complaint is not confusing and still permits [USFBOT] to ascertain the nature of the claims against [it]." (Doc. # 73 at 7). Therefore, the Court declines to dismiss the Amended Verified Complaint as a shotgun pleading.

**B.  Breach of Contract**

USFBOT argues the breach of contract claim against it (Count I) should be dismissed because it is immune from suit. (Doc. # 56 at 7-11). The Court agrees.

An assertion of Eleventh Amendment immunity challenges a court's subject matter jurisdiction and "must be resolved before a court may address the merits of the underlying claim(s)." Seaborn v. State of Fla., Dep't of Corrections, 143 F.3d 1405, 1407 (11th Cir. 1998).

The Eleventh Amendment states, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. "Although the text of the Eleventh Amendment does not appear to bar federal suits against a state by its own citizens, the Supreme Court long ago held that the Amendment bars these suits." Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., 421 F.3d 1190, 1192 (11th Cir. 2005). Furthermore, it is "well-settled that Eleventh Amendment immunity bars suits brought in federal court when an arm of the State is sued." Id. (citation and internal quotation marks omitted).

As this Court held in the previous case, "USF is an arm of the state for Eleventh Amendment purposes." Pinkston v. Univ. of S. Fla. Bd. of Trs., No. 8:15-cv-1724-T-33TBM, 2016 WL 3196474, at *4 (M.D. Fla. June 9, 2016); see also Saavedra v. Univ. of S. Fla. Bd. of Trs., No. 8:10-cv-1935-T-17TGW, 2011 WL 1742018, at *2-3 (M.D. Fla. May 6, 2011)(finding USFBOT entitled to Eleventh Amendment immunity on numerous claims, including a breach of contract claim). And the Eleventh Circuit has ruled that Florida has not waived its Eleventh Amendment immunity from suit in federal court for breach of contract claims. See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003)(finding breach of contract claim barred by the Eleventh Amendment because "Florida has [not] waived its Eleventh Amendment immunity from suit in federal court for breach of contract"). Therefore, the Eleventh Amendment bars the breach of contract claim against USFBOT.

Even if Florida had waived its Eleventh Amendment immunity so that breach of contract claims against it could be brought in federal court, Florida has waived its sovereign immunity only for contract claims in which an express, written contract exists. See Pan-Am Tobacco Corp. v. Dep't of Corr.,

471 So. 2d 4, 5-6 (Fla. 1984)("[W]here the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract. . . . [O]ur holding here is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter."); see also Williams v. Fla. State Univ., No. 4:11-CV-350-MW/CAS, 2014 WL 340562, at *6 (N.D. Fla. Jan. 29, 2014)("[S]overeign immunity is not waived for claims based on an unwritten, implied contract."), aff'd sub nom. Williams v. Becker, 608 F. App'x 905 (11th Cir. 2015).

Here, the Amended Verified Complaint does not allege the existence of an express, written contract promising to bestow Pinkston with a degree in exchange for tuition. In fact, "[w]hile a student's relationship with his university is contractual in nature, it is an implied contract and not an express, written contract." Williams, 2014 WL 340562, at *6. So, the breach of contract claim against USFBOT does not fall within Florida's waiver of sovereign immunity. See Id. ("Even accepting that there is an implied contractual relationship between Plaintiff and [FSU], because sovereign immunity has not been waived from suits alleging the breach of an implied,

unwritten contract, summary judgment should be granted in [FSU]'s favor.").

Accordingly, the breach of contract claim against USFBOT is barred because USFBOT enjoys both Eleventh Amendment immunity and Florida's sovereign immunity. The claim is barred even though Pinkston seeks specific performance of a contract rather than damages. See Harrison v. Office of State Courts Adm'r, No. 6:06-cv-1878-Orl-19UAM, 2007 WL 1576351, at *5 (M.D. Fla. May 30, 2007)(holding that "the Eleventh Amendment deprive[d] the Court of jurisdiction with regard to all of Plaintiff's breach of contract claims," including a claim for specific performance). The breach of contract claim is dismissed without prejudice.

### C. Title IX Retaliation

Finally, USFBOT argues that Count II, the Title IX retaliation claim, should be dismissed for failure to state a claim. (Doc. # 56 at 11-13).

"Retaliation against a person because that person has complained of sex discrimination is [a] form of intentional sex discrimination encompassed by Title IX's private cause of action." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005). To state a prima facie case of retaliation under Title IX, a plaintiff must demonstrate "(1) [the plaintiff]

engaged in statutorily protected expression; (2) the [defendant] took action that would have been materially adverse to a reasonable person; and (3) there was a causal link between the two events." McCullough v. Bd. of Regents of Univ. Sys. of Ga., 623 F. App'x 980, 982 (11th Cir. 2015). "Even if a plaintiff need not plead a prima facie case to survive dismissal, the complaint must satisfy Iqbal's 'plausible on its face' standard, and the allegations must be sufficient to 'raise a right to relief above the speculative level' under Twombly." Id. at 983.

According to USFBOT, the Amended Verified Complaint fails to adequately allege that Genshaft or anyone with authority to bind USFBOT was actually aware of Pinkston's complaints about discrimination. (Doc. # 56 at 12). USFBOT notes that Pinkston reported the alleged discrimination to an unidentified member of Genshaft's staff, rather than Genshaft herself. (Id.).

Additionally, USFBOT notes that there are no allegations that Genshaft or someone else with authority to bind USFBOT was aware that one of USFBOT or Genshaft's employees informed Pinkston that her degree was "rescinded." (Id.). Thus, USFBOT argues, the Amended Verified Complaint insufficiently alleges that USFBOT or Genshaft, acting on USFBOT's behalf,

retaliated against Pinkston because she reported the alleged discrimination. (Id. at 12-13).

The Court disagrees with USFBOT and notes that the case relied upon by USFBOT, Saphir by & through Saphir v. Broward Cty. Pub. Sch., 744 F. App'x 634 (11th Cir. 2018), was decided at the summary judgment stage. Pinkston need not establish a prima facie case at the motion to dismiss stage, and must merely plead plausible allegations to support her claim.

Taking all the allegations in the Amended Verified Complaint as true, and construing the Amended Verified Complaint liberally in light of Pinkston's pro se status, the Court finds that Pinkston has sufficiently pled a Title IX retaliation claim against USFBOT. The allegations that Pinkston reported the alleged discrimination to USF's Equal Opportunity Office and to Genshaft's Office plausibly show at this juncture that USFBOT was aware of the alleged discrimination. Furthermore, a little over two weeks passed between Pinkston's reporting the alleged discrimination and having her degree "rescinded" by USF's administration, which supports the inference that Pinkston's degree was "rescinded" in retaliation. See Bowers v. Bd. of Regents of Univ. Sys. of Ga., 509 F. App'x 906, 911 (11th Cir. 2013)("Causation may be

inferred by a close temporal proximity between the protected activity and the adverse action.").

USFBOT's arguments are better decided at summary judgment, after discovery has been taken regarding the extent of USFBOT's knowledge of Pinkston's complaints and its motivation for "rescinding" her degree.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant University of South Florida Board of Trustees' Motion to Dismiss the Amended Verified Complaint (Doc. # 56) is **GRANTED in part and DENIED in part.**

(2) Count I is **DISMISSED** without prejudice because USFBOT is immune.

(3) Count II survives against USFBOT. USFBOT's answer to Count II is due within 14 days of the date of this Order.

**DONE and ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of March, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE