UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL NICOLE HOFFLER PINKSTON,

    Plaintiff,

v.                                                    Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES, RANDY LARSEN, DAVID
MERKLER, JUDY GENSHAFT,
and ERIC EISENBERG,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Motion for Summary Judgment (Doc. # 72), filed on March 27, 2019. Defendant University of South Florida Board of Trustees' ("USFBOT") filed a response in opposition on March 29, 2019. (Doc. # 81). Pinkston replied on March 30, 2019. (Doc. # 84). For the reasons that follow, the Motion is denied.

**I.**    **Background**

The Court will recite only the procedural history necessary for the disposition of the instant Motion. Pinkston initiated this action on October 29, 2018 (Doc. # 1), and filed her Amended Verified Complaint on November 28, 2018.

1

(Doc. # 7).[1] Pinkston asserts claims for breach of contract and Title IX retaliation against USFBOT and Defendants Eric Eisenberg, Judy Genshaft, Randy Larsen, and David Merkler. (Id.).

Pinkston served Requests for Admissions ("RFAs") on USFBOT on January 7, 2019. USFBOT then filed a motion for protective order on January 8, 2019. (Doc. # 23). On January 29, 2019, United States Magistrate Judge Sean P. Flynn granted USFBOT's motion for protective order in part. (Doc. # 30). Specifically, Judge Flynn ruled that Pinkston's RFAs were "barred by both Rule 26(d)(1) and Local Rule 3.05(c)(2)(B)" and were "null and void." (Id. at 3-4). As such, USFBOT was "relieved of any obligation to respond or object to the RFAs." (Id. at 4).

Subsequently, USFBOT timely filed a motion to dismiss (Doc. # 56) and Eisenberg, Genshaft, Larsen, and Merkler timely filed their own motion to dismiss. (Doc. # 55). On March 27, 2019, the Court granted Eisenberg, Genshaft, Larsen, and Merkler's motion to dismiss, dismissing all claims against them and terminating them as parties to this

---

[1] This case is related to a previous case between the majority of the parties, Pinkston v. Univ. of S. Fla. Bd. of Trs. et al., 8:15-cv-1724-T-33TBM.

action. (Doc. # 73). Then, on March 28, 2019, the Court granted in part and denied in part USFBOT's motion to dismiss by dismissing the breach of contract claim but allowing the Title IX retaliation claim — Count II of the Amended Verified Complaint — to survive. (Doc. # 78). USFBOT's answer to Count II of the Amended Verified Complaint is due April 11, 2019. (Id. at 13).

On March 27, 2019, Pinkston filed the instant Motion for Summary Judgment. (Doc. # 72). Pinkston argues that there are no genuine issues of material fact because USFBOT supposedly admitted to all of the allegations of the Amended Verified Complaint by failing to file its answer, as well as supposedly admitting all of Pinkston's RFAs by failing to respond to them. (Id. at 4-6). Specifically, she insists that USFBOT's motion to dismiss was "improper" and that, because USFBOT has not filed an answer, "[a]ll averments of the [Amended Verified] Complaint are deemed admitted." (Id. at 3-4). Pinkston further insists that because USFBOT "did not serve on [her] any written answer or any objection addressing the [RFAs] that were served January 7, 2019," her RFAs "are deemed admitted." (Id. at 5-6).

USFBOT has responded (Doc. # 81), and Pinkston has replied. (Doc. # 84). The Motion is ripe for review.

## II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the Court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

**III. Analysis**

Pinkston insists that summary judgment is warranted because of USFBOT's "failure to respond to the [Amended Verified] Complaint and failure to timely respond to [her] requests for admissions." (Doc. # 72 at 6). She contends that, "[a]s a matter of law, the averments of the [Amended Verified] Complaint and the requests for admissions are undisputed and deemed admitted." (Id.).

Pinkston is incorrect. USFBOT did not admit the allegations of the Amended Verified Complaint by timely filing a motion to dismiss instead of an answer because "[t]he filing of a motion to dismiss alters the time in which an answer is due until after the district court denies the motion or postpones its disposition." Cheshire v. Bank of Am., NA, 351 F. App'x 386, 389 (11th Cir. 2009)(citing Fed. R. Civ. P. 12(a)(4)(A)). Indeed, the Court explained to Pinkston on multiple occasions in the previous action that a defendant is not in default when it files a motion to dismiss rather than an answer. See Pinkston v. Univ. of S. Fla. Bd. of Trs. et al., 8:15-cv-1724-T-33TBM at (Doc. # 75; Doc. # 195); see also (Doc. # 81-1 at 2-3).

Thus, USFBOT did not admit to any of the allegations in the Amended Verified Complaint by virtue of its filing the motion to dismiss instead of an answer. USFBOT's answer is due on April 11,

6

2019, and USFBOT will admit or deny the allegations of the Amended Verified Complaint in that pleading.

Nor has USFBOT admitted to the various statements in Pinkston's RFAs. Judge Flynn ruled that those RFAs were "null and void." (Doc. # 30 at 4). Judge Flynn explicitly told the parties that USFBOT was not required to respond or object to the RFAs. (Id.). Therefore, Pinkston's RFAs are not deemed admitted based on USFBOT's lack of response.

Because Pinkston's Motion relies exclusively on the allegations of the Amended Verified Complaint and the RFAs supposedly being admitted by USFBOT, the Motion necessarily fails and is denied.

Furthermore, the Court understands USFBOT's argument that Pinkston filed the Motion in bad faith, given this Court's previous explanations to Pinkston that a defendant is not in default when it files a motion to dismiss, rather than an answer, and Judge Flynn's clear Order that USFBOT was not required to respond or object to the RFAs. (Doc. # 81 at 8). If a lawyer filed a similar motion for summary judgment in this Court arguing that a defendant had admitted various allegations merely by filing a motion to dismiss and by not responding to RFAs that had been voided by the Court, the Court would be inclined to sanction that lawyer. However, given Pinkston's pro se status, sanctions are not appropriate at this time. Still, the Court warns Pinkston that

7

further bad faith motion practice may result in the imposition of sanctions.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Motion for Summary Judgment (Doc. # 72) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of April, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE