```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

RACHEL NICOLE HOFFLER PINKSTON,

    Plaintiff,
v.                                Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES, RANDY LARSEN, DAVID
MERKLER, JUDY GENSHAFT,
and ERIC EISENBERG,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Motion to Amend and Certify Order for Interlocutory Appeal (Doc. # 93), filed on April 11, 2019. Defendant University of South Florida Board of Trustees ("USFBOT") filed a response in opposition on April 23, 2019. (Doc. # 104). For the reasons that follow, the Motion is denied.

**I.   Background**

The Court will recite only the procedural history necessary to decide the instant Motion. Pinkston initiated this action on October 29, 2018 (Doc. # 1), and filed her

1

Amended Verified Complaint on November 28, 2018. (Doc. # 7).[1] The Amended Verified Complaint asserts claims for breach of contract and Title IX retaliation against USFBOT and Defendants Eric Eisenberg, Judy Genshaft, Randy Larsen, and David Merkler. (Id.).

Pinkston served Requests for Admissions ("RFAs") on USFBOT on January 7, 2019. USFBOT moved for a protective order the next day. (Doc. # 23). On January 29, 2019, United States Magistrate Judge Sean P. Flynn granted in part USFBOT's motion for protective order, ruling that Pinkston's RFAs were "barred by both Rule 26(d)(1) and Local Rule 3.05(c)(2)(B)" and were "null and void." (Doc. # 30 at 3-4). Thus, USFBOT was "relieved of any obligation to respond or object to the RFAs." (Id. at 4).

Then, upon the individual Defendants' motion to dismiss, the Court dismissed the claims against Eisenberg, Genshaft, Larsen, and Merkler and terminated them as parties to this action. (Doc. # 73). Additionally, the Court granted USFBOT's motion to dismiss in part, dismissing the breach of contract

---

[1] This case is related to a previous case between the majority of the parties, Pinkston v. Univ. of S. Fla. Bd. of Trs. et al., 8:15-cv-1724-T-33TBM.

2

claim but allowing the Title IX retaliation claim to move forward. (Doc. # 78).

On March 27, 2019, Pinkston filed a verified motion for summary judgment. (Doc. # 72). Pinkston argued that there were no genuine issues of material fact because USFBOT supposedly admitted all of the allegations of the Amended Verified Complaint by failing to file its answer, and supposedly admitted all of Pinkston's RFAs by failing to respond to them. (Id. at 4-6). USFBOT responded in opposition to the verified motion for summary judgment (Doc. # 81), and Pinkston replied. (Doc. # 84).

On April 3, 2019, the Court denied the verified motion for summary judgment. (Doc. # 85). The Court explained that USFBOT had not admitted the allegations of the Amended Verified Complaint by filing a motion to dismiss rather than an answer. (Id. at 6). The Court further explained that Judge Flynn had ruled that Pinkston's RFAs were "null and void" back on January 29, 2019. (Id. at 7). Thus, "Pinkston's RFAs [were] not deemed admitted based on USFBOT's lack of response." (Id.). Finally, the Court concluded: "Because Pinkston's Motion relies exclusively on the allegations of the Amended Verified Complaint and the RFAs supposedly being

admitted by USFBOT, the Motion necessarily fails and is denied." (Id.).

Pinkston now seeks certification pursuant to 28 U.S.C. § 1292(b) to interlocutorily appeal the Court's Order denying the verified motion for summary judgment. (Doc. # 93). USFBOT has responded (Doc. # 104), and the Motion is ripe for review.

## II. Discussion

Orders denying motions for summary judgment are not ordinarily appealable. Ortiz v. Jordan, 562 U.S. 180, 188 (2011)("Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal."); Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc., 385 U.S. 23, 25 (1966)("[T]he denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim."). Nevertheless, if a district court enters an otherwise unappealable order, such as an order denying summary judgment, "the court may grant 28 U.S.C. § 1292(b) certification, which would allow the order to be appealed." Henderson v. GATX Corp., No. 8:09-cv-2312-T-33AEP, 2012 WL 1191141, at *1 (M.D. Fla. Apr. 10, 2012). Pinkston requests such certification.

But even if this Court were to grant a Section 1292(b) certification concerning its Order denying summary judgment, the Eleventh Circuit would be under no obligation to consider an appeal of the Order. See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)("[T]he court of appeals has discretion to turn down a § 1292(b) appeal. And we will sometimes do so. The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.").

The Supreme Court has made clear that interlocutory review under Section 1292(b) should be the exception rather than the rule. See Caterpillar v. Lewis, 519 U.S. 61, 74 (1996)("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule."). Likewise, the Eleventh Circuit has explained that interlocutory appeals should be permitted only "in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." McFarlin, 381 F.3d at 1256. "Because permitting piecemeal

5

litigation is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." Id. at 1259.

"[T]o obtain § 1292(b) certification, the litigant must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves 'a controlling question of law as to which there is substantial ground for difference of opinion.'" OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008)(quoting 28 U.S.C. § 1292(b)). "Most interlocutory orders do not meet this test." Id.

Pinkston has failed to satisfy Section 1292(b)'s high burden for two main reasons. First, this garden-variety Title IX retaliation case is not "exceptional." See Cooper v. Navient Sols., LLC, No. 8:16-cv-3396-T-30MAP, 2017 WL 2291329, at *2 (M.D. Fla. May 25, 2017)(denying a Section 1292(b) certification in part because "this garden-variety consumer law case is certainly not 'exceptional'").

Second, there is no substantial ground for difference of opinion on the issues Pinkston raises. Pinkston's arguments are frivolous. And she knows they are frivolous. This Court previously explained to Pinkston on February 20, 2019, that Judge Flynn had the authority to grant the motion for protective order and rule that the RFAs were null and void.

6

(Doc. # 36 at 3-4). The Court specifically wrote that "Pinkston's consent is not necessary for the assigned [M]agistrate [J]udge to make recommendations or issue orders on certain motions," that the Court had referred "the motion for protective order to Judge Flynn," and that "Judge Flynn correctly entered . . . the order on the motion for protective order." (Id.). And the docket sheet clearly shows that the motion for protective order was referred to Judge Flynn. See (Doc. # 23)(docket text stating that USFBOT's motion for protective order was "referred to Magistrate Judge Sean P. Flynn").

The motion for protective order was not a motion for injunctive relief, but a discovery motion on which a Magistrate Judge may rule. See Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se., LLC, No. 3:13-cv-306-J-34JRK, 2015 WL 5897628, at *1 (M.D. Fla. Oct. 7, 2015)(noting that an order on a motion for protective order was a "nondispositive pretrial order[] related to discovery" and that a Magistrate Judge has "broad discretion" to rule on such motions); see also M.D. Fla. L.R. 6.01(c)(18) (authorizing Magistrate Judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions). Thus, Judge Flynn was well within his

7

authority to declare the RFAs null and void and relieve USFBOT of the obligation to respond to the RFAs. And his order doing so was persuasive and well-supported by the case law and rules it cited.

Pinkston's other contention — that the summary judgment Order should be reversed because USFBOT allegedly responded improperly to the motion for summary judgment's statement of material facts — is likewise unavailing. (Doc. # 93 at 4-5). True, the undersigned's website provides that the "statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs" and a party's "response must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs" U.S. Dist. Ct., M.D. Fla., Judicial Info, Tampa Division, Virginia M. Hernandez Covington, Civil Motions, Motions for Summary Judgment, https://www.flmd.uscourts.gov/judges/virginia-covington. The website warns that the Court "will deem admitted any fact in the statement of material facts that the opposing party does not specifically controvert, provided the moving party's statement is supported by evidence in the record." Id.

8

Here, however, Pinkston herself did not file a proper statement of material facts. Her motion for summary judgment's statement of material facts begins with two unnumbered paragraphs — itself a violation of the undersigned's rules — declaring that the allegations of the Amended Verified Complaint and the RFAs had been admitted. (Doc. # 72 at 6). Pinkston then merely recites the RFAs in a numbered list with the word "Admitted" under each RFA. (Id. at 7-12). USFBOT properly responded to the statement of material facts' unnumbered first paragraphs by denying that it had admitted the allegations of the Amended Verified Complaint or any of the listed RFAs that Judge Flynn had already declared null and void. (Doc. # 81 at 2-4). USFBOT persuasively disputed Pinkston's statement of material facts in its response. USFBOT was not also required to address and either admit or deny each RFA that Pinkston incorrectly marked as "Admitted."

Regardless, even if USFBOT had not satisfied the requirements for responses to motions for summary judgment outlined on the undersigned's website, it is entirely within the Court's discretion to accept a non-conforming response and consider its arguments on the merits. And the merits of USFBOT's response to Pinkston's motion for summary judgment

9

were too strong to ignore. Indeed, USFBOT controverted Pinkston's statement of material facts by emphasizing that Judge Flynn's order had rendered the RFAs null and void.

Pinkston has not raised any grounds that justify certification for an interlocutory appeal of this Court's summary judgment Order. This Motion is as frivolous as Pinkston's motion for summary judgment. Just as the Court warned Pinkston in its summary judgment Order, the Court warns Pinkston again that "further bad faith motion practice may result in the imposition of sanctions." (Doc. # 85 at 7-8). Furthermore, the Court emphasizes that Pinkston should not assert in future motions that her desired outcome is mandated by "11th Circuit Court of Appeals precedent," but then fail to cite that supposedly on-point and binding precedent. (Doc. # 93 at 3, 5, 7, 8, 9).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Motion to Amend and Certify Order for Interlocutory Appeal (Doc. # 93) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of April, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE