UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL NICOLE HOFFLER PINKSTON,

    Plaintiff,

v.                                           Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES, RANDY LARSEN, DAVID
MERKLER, JUDY GENSHAFT,
and ERIC EISENBERG,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Dispositive Motion for Judgment on the Pleadings (Doc. # 101), filed on April 18, 2019. Defendant University of South Florida Board of Trustees ("USFBOT") filed a response in opposition on April 30, 2019. (Doc. # 108). Pinkston did not file a reply, and the time for filing one has ended. For the reasons that follow, the Motion is denied.

**I.**    **Background**

Pinkston initiated this action on October 29, 2018 (Doc. # 1), and filed her Amended Verified Complaint on November

1

28, 2018. (Doc. # 7).[1] The Amended Verified Complaint asserts claims for breach of contract and Title IX retaliation against USFBOT and Defendants Eric Eisenberg, Judy Genshaft, Randy Larsen, and David Merkler. (Id.).

Upon the individual Defendants' motion to dismiss, the Court dismissed the claims against Eisenberg, Genshaft, Larsen, and Merkler and terminated them as parties to this action. (Doc. # 73). Additionally, the Court granted USFBOT's motion to dismiss in part, dismissing the breach of contract claim but allowing the Title IX retaliation claim to survive. (Doc. # 78).

USFBOT filed its Answer, Defenses, and Affirmative Defenses to the Amended Verified Complaint on April 9, 2019. (Doc. # 90). Pinkston filed the instant Motion on April 18, 2019. (Doc. # 101). USFBOT has responded (Doc. # 108), and the Motion is ripe for review.

## II. Legal Standard

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Federal district courts

---

[1] This case is related to a previous case between the majority of the parties, Pinkston v. Univ. of S. Fla. Bd. of Trs. et al., 8:15-cv-1724-T-33TBM.

2

have applied a 'fairly restrictive standard in ruling on motions for judgment on the pleadings.'" ThunderWave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1564 (S.D. Fla. 1997) (quoting Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc., 932 F. Supp. 290, 291 (S.D. Fla. 1996)). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); see also Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) ("Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.").

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc., No. 8:13-cv-2240-T-33MAP, 2015 WL 518852, at *1 (M.D. Fla. Feb. 9, 2015)(citations omitted); ThunderWave, 954 F. Supp. at 1564 ("The standard of review for Rule 12(b)(6) and Rule 12(c) motions are identical." (citations omitted)). "In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in

3

the non-moving party's pleading, and [the Court] view[s] those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

"If, on a motion under . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "'The court has a broad discretion when deciding whether to treat a motion [for judgment on the pleadings] as a motion for summary judgment even though supplementary materials are filed by the parties and the court is not required to take cognizance of them.'" StoneEagle Servs., 2015 WL 518852, at *2 (citations omitted). Here, the Court will consider only the Amended Verified Complaint, the Answer, Defenses, and Affirmative Defenses, and any exhibits attached to these pleadings.

### III. Analysis

Pinkston claims that she is entitled to judgment on the pleadings because USFBOT admitted paragraphs 9-15 and 17-20 of the Amended Verified Complaint by failing to respond to them in its Answer. (Doc. # 101 at 4). She also argues that USFBOT's Answer "is another example of Defendant's Bad Faith action and willingness to misrepresent Court Orders." (Id. at

4

5). Additionally, Pinkston devotes a large portion of her Motion to discussing USFBOT's defenses and affirmative defenses. (Id. at 5-9). Pinkston argues that these defenses and affirmative defenses are variously "waived," "without merit," and "false," and that each defense fails because it "does not specify [to] which numbered paragraph in the complaint it corresponds." (Id.).

Pinkston's arguments are frivolous, and she is not entitled to judgment on the pleadings. Paragraphs 9-15 and 17-20 of the Amended Verified Complaint are the allegations listed under Count I for breach of contract. (Doc. # 7 at 2-4). As Pinkston well knows, this Court dismissed Count I back on March 28, 2019, on the ground that USFBOT is immune from suit. (Doc. # 78 at 7-10). Because Count I was dismissed, USFBOT was not obligated to admit or deny the allegations under Count I in its Answer. See Peper v. Dep't of Agric. of U.S., No. CIV.A.04-CV-01382ZLW, 2008 WL 1744578, at *2 (D. Colo. Apr. 11, 2008)("In their Answer, Defendants clearly state that these claims have previously been dismissed by the Court, and they therefore make no response, as none is required."). And in any event, USFBOT's Answer specifically "denies any and all allegations set forth in [the] Amended

5

Verified Complaint that have not been specifically admitted above." (Doc. # 90 at 12).

In short, USFBOT's Answer addresses all the general factual allegations and the allegations under Count II — the only remaining claim in this case — and denies any other allegations not specifically admitted. (Id. at 1-12). Thus, the Answer is sufficient, and USFBOT has not admitted the allegations of paragraphs 9-15 and 17-20.

Furthermore, Pinkston utterly fails to support her request for judgment on the pleadings. She does not specify the allegations USFBOT actually admitted in its Answer or how these admitted allegations establish that USFBOT violated Title IX as a matter of law. In any event, the pleadings before the Court do not support judgment in Pinkston's favor. Rather, upon reviewing both pleadings and — because USFBOT is the non-moving party — accepting as true all material facts alleged in the Answer, the Court finds that there are disputed material facts concerning the Title IX retaliation claim against USFBOT. Indeed, USFBOT denied the majority of the allegations under Count II of the Verified Amended Complaint. (Id. at 3-8).

Nor do Pinkston's arguments concerning the applicability of various affirmative defenses (Doc. # 101 at 5-9) support

her request for judgment on the pleadings. First, Pinkston fails to cite any relevant authority to support her argument that each defense or affirmative defense fails. Second, the Court finds that each defense is sufficiently pled and gives Pinkston fair notice of the nature of USFBOT's defenses and the issues USFBOT intends to raise as the case proceeds. See Vann v. Inst. of Nuclear Power Operations, Inc., No. 1:09-CV-1169-CC-LTW, 2011 WL 13272741, at *6 (N.D. Ga. Oct. 6, 2011)("[T]he Court finds that each affirmative defense, as pled, satisfies the pleading standards of Rule 8 and provides Plaintiff fair notice of the nature of the defense and the issues Defendant intends to raise, which is all that Rule 8(c) requires.").

Contrary to Pinkston's claim, USFBOT was not required to file a verified answer or affidavit in support of its defenses and affirmative defenses. See Fed. R. Civ. P. 11(a)("Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."); see also Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-CV-00135-RWS, 2012 WL 603595, at *7 (N.D. Ga. Feb. 24, 2012)("[T]here is no requirement under the Federal Rules of Civil Procedure — which apply in this federal court case — that Defendant JPMorgan's Answer or Counterclaim be verified. Accordingly,

7

this first argument does not support Plaintiff's motion for judgment on the pleadings."). And Pinkston's assertion that each affirmative defense fails because it "does not specify which numbered paragraph in the complaint [to which] it corresponds" is false. (Doc. # 101 at 5). It is common practice for affirmative defenses to be listed at the end of an answer and to not specify the allegations of the complaint to which the defenses relate. Finally, Pinkston is incorrect that certain defenses or affirmative defenses violate Federal Rule of Evidence 602 because USFBOT's counsel is "an incompetent witness." (Id. at 6-7). Rule 602 requires that a witness have personal knowledge of the matter on which he is testifying. Fed. R. Evid. 602. It does not apply to the defenses and affirmative defenses counsel drafts in a pleading for his client, which is not testimony.

As the Court's previous warnings (Doc. # 85 at 7-8; Doc. # 107 at 10) have seemed to have little impact on Pinkston, the Court wishes to make clear that it will not tolerate further bad faith motion practice. The instant Motion advanced obviously frivolous arguments and leveled baseless accusations of bad faith against USFBOT. The Court is thus forced to conclude that the Motion was filed in bad faith. So too for Pinkston's motions for interlocutory appeal (Doc.

# 93) and summary judgment (Doc. # 72), which were equally frivolous. These motions did not result in sanctions for Pinkston. But future bad faith motions will. These sanctions would likely include the costs that USFBOT incurs in responding to such motions, and may extend beyond that.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Dispositive Motion for Judgment on the Pleadings (Doc. # 101) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of May, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE