UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL PINKSTON,

    Plaintiff,

v.      Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, RANDY
LARSEN, DAVID MERKLER, JUDY
GENSHAFT, and ERIC EISENBERG

    Defendants.
_____/

## ORDER

Before the Court are Defendant University of South Florida Board of Trustees' motions to compel Plaintiff to provide proper responses to Defendant's first set of interrogatories and requests for production ("Motions to Compel") (Docs. 135 & 136), and Defendant's motion to sanction Plaintiff for failing to attend to her deposition ("Motion for Sanctions") (Doc. 148). Upon consideration, Defendant's Motions to Compel are granted with modifications, and Defendant's Motion for Sanctions is deferred.

Defendant served Plaintiff with its First Set of Interrogatories and Request for Production of Documents on June 5, 2019. On July 15, 2019, Plaintiff served Defendant with her objections and responses to Defendant's requests. Defendant argues that Plaintiff's objections are untimely and have been waived, and that they are improper.

Therefore, Defendant asks the Court to compel Plaintiff to answer interrogatories Nos. 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 16, 17, and to produce the information and documents identified in Defendant's request for production Nos. 3, 6, 7, 12, 13, 14, 15, 16, 19, 21, and 22. Defendant also requests attorney's fees associated with bringing its motions.

Plaintiff objects to the interrogatories and requests for production on the basis that the information sought by Defendant is equally available to Defendant; is in Defendant's possession or can be found in Plaintiff's pleadings; is overbroad, ambiguous, or irrelevant; and seeks confidential or privileged information. Similarly, Plaintiff argues that Defendant's Motions to Compel should be denied because they seek duplicative information in Defendant's possession and Defendant failed to confer with Plaintiff before filing the motions.

In addition to serving interrogatories and requests for production, on June 28, 2019, Defendant e-mailed Plaintiff requesting her available dates for a deposition. Plaintiff failed to respond to this e-mail. Defendant then reiterated its request on July 8, 2019 and July 15, 2019. Plaintiff responded to both e-mails challenging the need for a deposition and arguing that the Court's Case Management and Scheduling Order directed the parties to stipulate facts rather than to use depositions in this case. On July 31, 2019, and based on Plaintiff's failure to provide Defendant with her available dates for a deposition, Defendant noticed Plaintiff's deposition in Tampa, Florida, for August 21, 2019. Plaintiffs deposition notice was e-mailed to Plaintiff the same day. Plaintiff responded questioning again the need for the deposition but failed to clearly express whether she was unavailable for the deposition. On August 21, 2019, Defendant's counsel

2

traveled to Tampa to conduct Plaintiff's deposition. Plaintiff failed to appear. As a result, Defendant asks the Court to dismiss Plaintiff's lawsuit with prejudice or to severely sanction Plaintiff in accord with Rule 37(b)(2)(A)(ii)-(iv). The Court will address each of Defendant's motions in turn.

### I. Defendant's Motions to Compel

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). With respect to requests for production, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Likewise, a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). A party seeking discovery may move for an order compelling and answer or production if a party fails to answer an interrogatory or produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).

A party's failure to timely object to interrogatories, production requests, or other discovery efforts, waived whatever objections she might have. *Parekh v. CBS Corp.*, 618CV466ORL40TBS, 2018 WL 5717428, at *2 (M.D. Fla. Nov. 1, 2018) (citing *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. Sept. 30, 2010); *Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625, 627 (M.D. Fla. Oct. 23, 2012)). Courts may excuse a party from her untimely responses for good cause. *Id*. (citations omitted).

Boilerplate or general objections are improper and constitute a waiver of the objections to the discovery sought. *See Spencer v. City of Orlando, Florida*, No. 6:15-cv-345-

Orl-37TBS, 2016 WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) (concluding that objections that are "are too vague and nonspecific" fail to "preserve any objection to the requested discovery"). An objection stating that an interrogatory or request for production is overbroad or unduly burdensome without further explanation is an improper objection. *See Zurich Am. Ins. Co. v. Hardin*, No. 8:14-CV-775-T-23AAS, 2019 WL 3082608, at *4–5 (M.D. Fla. July 15, 2019); *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2011 WL 693685, at *3 (M.D. Fla. Dec. 7, 2011); *Miner, Ltd v. Keck*, No. 619CV722ORL41TBS, 2019 WL 2869063, at *2 (M.D. Fla. Jul. 3, 2019). Similarly, an objection stating merely than an item or information may be available from another source is an improper objection. *See Mayan v. Mayan*, No. 615CV2183ORL18TBS, 2017 WL 1426631, at *3 (M.D. Fla. Apr. 21, 2017); *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2013 WL 6170610, at *5 (M.D. Fla. Nov. 22, 2013); *Central Transport Int'l, Inc. v. Global Advantage Distrib.*, Inc., No. 2:06–401–FtM–29SPC, 2007 WL 3124715, at *2 (M.D. Fla. Sep. 11, 2007).

Further, an objection asserting a privilege without stating which privilege is at issue for each request lacks specificity and is improper. *See In re Pimenta*, 942 F. Supp. 2d 1282, 1290 (S.D. Fla. 2013) ("Blanket assertions of privilege before a district court are usually unacceptable."); *Maryland Cas. Co. v. Shreejee Ni Pedhi's, Inc.*, No. 3:12–cv–121–J–34MCR, 2013 WL 3353319, at *4 (M.D. Fla. July 2, 2013) (finding that the objecting party "has the burden to demonstrate the work product doctrine applies and failed to make its work product objection with any specificity."). In addition, a party asserting a privilege, including *pro se* litigants, must "describe the nature of the documents" not disclosed "in a

manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii); *see Curry v. HSBC N.A. Holdings, Inc.*, No. 8:14-CV-2420-T-30JSS, 2015 WL 12843842, at *5 (M.D. Fla. Sept. 24, 2015) (acknowledging that some courts have found *pro se* plaintiffs entitled to a degree of work-product protection, but requiring the production of a privilege log to determine whether the doctrine applies to the documents withhold by the *pro se* litigant).

Plaintiff's served Defendant with her objections and responses ten day after the responses were due and has not established good cause for the delay. As a result, Plaintiff's objections were waived. *See Parekh*, 2018 WL 5717428, at *2. Additionally, Plaintiff's objections lack specificity and are improper. For example, Plaintiff makes boilerplate objections to interrogatories Nos. 4, 6, 9, 10, 11 as overbroad, and to interrogatories Nos. 1, 2, 3, 5, 9, 10, 11, 12, 16 on the basis that the information requested is available to both parties or can be found in Plaintiff's pleadings and other Court filings. Similarly, Plaintiff asserts the work-product doctrine as to requests for production Nos. 3, 7, 12, 13, 14, but fails to provide the Court with a privilege log. Accordingly, Defendant's Motions to Compel are due to be granted with the following exceptions.

With respect to the request for Plaintiff's social security number in interrogatory No. 1, Plaintiff is required to provide only the last four digits of her social security number. Plaintiff shall provide all other information requested in interrogatory No. 1. As to interrogatory No. 4, Plaintiff is required to provide information related to criminal convictions for a crime of dishonestly, rather than to provide information as to any "criminal action." As to request for production No. 19, Plaintiff is required to produce all

the listed information in her possession, custody, or control. However, Plaintiff is not required to "execute the attached IRS Form 4506T and return the same with [her] responses." Rule 34 of the Federal Rules of Civil Procedure requires a party to produce "documents and things," but does not require a party to execute a release. *See Graham v. Carroll*, No. 5:10-CV-00065-RS-GRJ, 2011 WL 855331, at *1 (N.D. Fla. Mar. 9, 2011) (discussing medical releases and stating that Rule 34 requires a party to produce all "documents and things" over which the party has "possession, custody or control" but not to execute a release unless the Plaintiff wishes to do so voluntarily).

As to Defendant's request for attorney's fees, Rule 37(a)(5) of the Federal Rules Civil Procedure, provides in relevant part:

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising such conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A); *see also Devaney v. Cont'l Am. Ins. Co.,* 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 F. App'x 390, 392 (11th Cir. 2009) (per curiam) (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107

F.3d 846, 853 (11th Cir. 1997)) (internal quotation marks omitted). "The burden of establishing substantial justification is on the party being sanctioned." *Sigurdsson v. DiCarlantonio*, 6:12-CV-920-ORL-TBS, 2013 WL 5954740, at *2 (M.D. Fla. Nov. 7, 2013) (quoting *Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.,* 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on other grounds by Cunningham v. Hamilton Cty.,* 527 U.S. 198 (1999)).

Here, the Court finds that Plaintiff's responses and objections are not substantially justified, and that under the totality of the circumstances an award of expenses would be just. Therefore, Defendant's request for attorney's fees is granted.

## II. Defendant's Motion for Sanctions

Under Rule 37(d), a district court may grant a motion for sanctions if a party fails to attend his own deposition after being properly served with notice of the deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). A deposition is properly noticed, when the party seeking to depose a person by oral questions, provides such person with a reasonable written notice stating, "the time and place of the deposition and, if known, the deponent's name and address." Fed R. Civ. P. 30(b)(l). Per the Local Rules, the written notice must be provided to the deponent at least fourteen days before the date of the noticed deposition. *See* M.D. Fla. Local Rule 3.02. Here, Defendant's deposition notice to Plaintiff was served on July 31, 2019, setting Plaintiff's deposition for August 21, 2019, and indicating the place of the deposition. Therefore, Plaintiff's deposition was properly noticed.

As previously stated, Defendant requests that the Court dismiss Plaintiff's lawsuit with prejudice for failure to appear at her deposition. Dismissal of the action is listed as an appropriate sanction for a party's failure to appear for her deposition. Fed. R. Civ. P.

37(d)(3). "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do." *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x. 909, 913 (11th Cir. 2010) (citing *Hashemi v. Campaigner Publ'ns, Inc.,* 737 F.2d 1538, 1538–39 (11th Cir. 1984)). However, "the district court retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." *Id.* at 1539 (quotation omitted); *see also LaFavors v. Thayer*, 706 F. App'x. 489, 492 (11th Cir. 2017) ("Because dismissal is a drastic sanction, a district court must first find that the party's failure to comply with the relevant order was willful or in bad faith and that lesser sanctions would not have sufficed").

Plaintiff's response to Defendant's Motion for Sanctions is due on September 11, 2019. Therefore, the Court will defer ruling at this time. In the meantime, the Court orders Plaintiff to appear for a video deposition at 9:00 a.m., on September 24, 2019,[1] in the Library Conference Room of the Office of the General Counsel for the University of South Florida (located on the third floor of the Dr. Kiran Patel Center for Global Solutions), 4202 E. Fowler Avenue, CGS 301, Tampa, Florida, 33620. *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("district courts [are afforded] broad discretion over the management of pre-trial activities, including discovery and scheduling."). Failure to comply with the Court's Order may result in sanctions, including the dismissal of the case.

---

[1] To minimize travel and costs of both parties, the deposition is set to coincide with the parties' Court ordered mediation to take place on September 23, 2019, in Tampa, Florida (Doc. 106).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. Defendant's Motions to Compel (Docs. 135 & 136) are GRANTED.

2. Plaintiff shall serve Defendant with the requested discovery within ten (10) days of the date of this Order.

3. Defendant's request for reasonable attorney's fees is GRANTED.

4. Ruling on Defendant's Motion for Sanctions (Doc. 148) is deferred.

5. Plaintiff shall appear to her deposition at 9:00 a.m., on September 24, 2019, in the Library Conference Room of the Office of the General Counsel for the University of South Florida (located on the third floor of the Dr. Kiran Patel Center for Global Solutions), 4202 E. Fowler Avenue, CGS 301, Tampa, Florida, 33620. Defendant shall be responsible for retaining a court reporter.

6. Plaintiff's failure to comply with the Court's order may result in sanctions, including the dismissal of her case.

ORDERED in Tampa, Florida, September 9, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE