UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL NICOLE HOFFLER PINKSTON,

    Plaintiff,

v.                                  Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Motion for Reconsideration of Order (Doc. # 163), filed on September 15, 2019. Defendant University of South Florida Board of Trustees (USFBOT) responded on September 16, 2019. (Doc. # 166). For the reasons that follow, the Motion is denied.

I.  **Legal Standard**

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be

1

evaluated under Rule 59(e) or Rule 60." Id. "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment." Id. "Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." Id.

Here, the Motion was filed within 28 days of the Court's Order, so Rule 59 applies. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

**II. Discussion**

Pinkston raises multiple arguments for reconsideration of this Court's September 9th Order (Doc. # 152), which granted USFBOT's motion for extension of time to complete

discovery and for extensions of the other remaining deadlines. As explained below, Pinkston's arguments lack merit.

First, Pinkston insists that USFBOT's motion for an extension of the discovery deadline and related deadlines should have been denied because the motion and attached exhibits exceeded twenty-five pages. (Doc. # 163 at 2). Pinkston misunderstands Local Rule 3.01(a). It states:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

Local Rule 3.01(a). In accordance with that Local Rule, the Case Management and Scheduling Order provides that "No party shall file a motion and supporting memorandum in excess of twenty-five pages." (Doc. # 97 at 6).

Neither Local Rule 3.01(a) nor the Case Management and Scheduling Order imply that exhibits are included in the page limit. Rather, the page limit applies only to the motion and incorporated memorandum of law. Exhibits are not included in the page limit. See Williams v. Bank of Am. Corp., No. 3:15-cv-1449-J-39MCR, 2019 WL 4016474, at *1 (M.D. Fla. July 30, 2019)("The 25-page limit that applies to any motion and

3

supporting legal memorandum as set forth in Local Rule 3.01(a), does not include any exhibits attached to the motion."), report and recommendation adopted as modified, No. 3:15-cv-1449-J-39MCR, 2019 WL 4016477 (M.D. Fla. Aug. 16, 2019). Here, USFBOT's motion and incorporated memorandum of law took up only twelve pages. (Doc. # 145). Thus, USFBOT did not violate the page limit.

Next, Pinkston argues that the undersigned "went against her word, [and] changed the case management order in a significant manner" by extending the deadlines in this case. (Doc. # 163 at 2-3). The Court does warn parties that extensions of the discovery and dispositive motions deadlines are disfavored. (Doc. # 97 at 5; Doc. # 98). Nothing about these warnings to the parties prevents the Court from extending the discovery deadline — or any other deadline — when the Court sees fit. See Wilson v. Farley, 203 F. App'x 239, 250 (11th Cir. 2006)(explaining that a "district court retains the inherent authority to manage its own docket"). The Court saw fit here because USFBOT established good cause for its requested extension.

Pinkston also challenges the Court's use of the phrase "unique circumstances" in its Order granting USFBOT's motion for extension of the discovery deadline and other related

deadlines. (Doc. # 163 at 4-5). Pinkston argues that this Court "obviously misapprehended the facts of this case" because — in Pinkston's eyes — the Court could not possibly have granted USFBOT's requested relief if the Court understood the case. (Id. at 5). She further argues that the Court used the phrase "unique circumstances" to invoke a doctrine regarding the timeliness of notices of appeal. (Id. at 5-6).

Pinkston's argument is trivial. The Court used the phrase "unique circumstances" to denote the unusual procedural history of this case, which has been marred by Pinkston's misbehavior from the very start. These "unique circumstances" include Pinkston's numerous frivolous filings, her failure to comply with her discovery obligations, and most importantly her failure to appear at her August 21, 2019, deposition. All of this weighed in favor of granting USFBOT's requested extension of the discovery deadline.

As to Pinkston's argument that this Court's Order was "contrary to 11th Circuit Court of Appeals precedent," Pinkston is again incorrect. (Doc. # 163 at 3). Pinkston quotes the following authority in support of her argument: "In determining whether an **untimely** motion to extend deadlines under Rule 6(b) was made pursuant to excusable

neglect, the court should consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith." Alarm Grid, Inc. v. Alarm Club.com, Inc., No. 17-80305-CV, 2018 WL 679490, at *4 (S.D. Fla. Feb. 2, 2018)(emphasis added).

The test Pinkston recites is inapplicable here. USFBOT did not file an untimely motion for extension of discovery. USFBOT's motion was timely because it was filed on August 22, 2019 — before the original September 16 discovery deadline had passed. (Doc. # 97 at 1; Doc. # 145). Therefore, the case law cited by Pinkston does not support reconsideration of the Court's Order.

In short, the Court did not err in entering the September 9 Order, and that Order is not "manifestly unjust," as Pinkston claims. Pinkston's arguments are frivolous, and her Motion merely quibbles with this Court's reasoning. Because the Motion is meritless, it is denied. The Court will not certify this Order for the purposes of filing an interlocutory appeal, as Pinkston requested in her Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Rachel Nicole Hoffler Pinkston's Verified Motion for Reconsideration of Order (Doc. # 163) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of September, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE