UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RACHEL PINKSTON,

     Plaintiff,

v.                                       Case No. 8:18-cv-2651-T-33SPF

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, RANDY
LARSEN, DAVID MERKLER, JUDY
GENSHAFT, and ERIC EISENBERG,

     Defendants.

_____/

## ORDER

Before the Court is Plaintiff's Verified Motion to Reconsider Court Order (Doc.#[153]) ("Motion") (Doc. 162) and Defendant's response in opposition thereto (Doc. 171). Upon consideration, Plaintiff's Motion is denied.

## LEGAL STANDARD

Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Succullo v. U.S.*, No. 8:16-CV-410-T-36TBM, 2017 WL 6383984, at \*2 (M.D. Fla. Oct. 3, 2017). The decision to grant a motion for reconsideration is within the sound discretion of the trial court. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). When presented with a motion to reconsider, however, a court should proceed cautiously, realizing that "in the interests of finality and conservation of scarce judicial resources,

reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), *aff'd*, 419 F.3d 1208 (11th Cir. 2005); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (explaining that "[f]or reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions").

## DISCUSSION

Plaintiff seeks reconsideration of the Court's Order dated September 9, 2019, granting Defendant's motions to compel Plaintiff to provide proper responses to Defendant's first set of interrogatories and requests for production, granting reasonable attorney's fees to the Defendant, directing Plaintiff to serve the requested discovery within ten days from the date of the order, and ordering Plaintiff to appear for a video deposition on September 24, 2019, in Tampa, Florida ("September Court Order") (Doc. 153).

Plaintiff first argues that it is a clear error for the Court to have granted Defendant's motions to compel because the motions violate the Local Rules and the Case Management and Scheduling Order (Doc. 162 at 2). Particularly, Plaintiff argues that Defendant's motions to compel exceeded the page limits set in the Local Rules. Plaintiff's argument is unavailing. Defendant's motions to compel properly comply with the requirements of Local Rule 3.04. Further, the motions did not exceed twenty-five pages as required by Local Rule 3.01(a) because, contrary to Plaintiff's argument, exhibits do not count toward the page limits. *Williams v. Bank of Am. Corp.*, No. 3:15-CV-1449-J-39MCR, 2019 WL 4016474, at *1 (M.D. Fla. July 30, 2019), *report and recommendation adopted as modified*,

3:15-CV-1449-J-39MCR, 2019 WL 4016477 (M.D. Fla. Aug. 16, 2019) ("[t]he 25-page limit that applies to any motion and supporting legal memorandum as set forth in Local Rule 3.01(a), does not include any exhibits attached to the motion"). Further, even if Defendant failed to comply with the Local Rules, the Court may exercise its "discretion to waive or excuse noncompliance with its local rules." *Fluor Intercontinental, Inc. v. IAP Worldwide Servs., Inc.*, 533 F. App'x. 912, 922 n.35 (11th Cir. 2013).; *Arval Serv. Lease S.A. v. Clifton*, No. 3:14-CV-1047-J-39MCR, 2014 WL 12615698, at *2 (M.D. Fla. Oct. 2, 2014).

Plaintiff next argues that the Court failed to consider Plaintiff's argument that "Defendant did not properly seek the Court to determine the sufficiency of Plaintiff's answers to interrogatories" (Doc. 162 at 2). To the extent Plaintiff is referring to her argument that "Defendant failed to include a concise statement as to why it believes Plaintiff's responses to be insufficient" (Doc. 140 at 1), Defendant provided such a statement after listing each objection in its motions to compel (Doc. 135 & 136). Further, the Court addressed why Plaintiff's objections to Defendant's interrogatories Nos. 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 16, and 17, were improper in light of Defendant's statements. Therefore, the Court finds no clear error or manifest injustice.

Plaintiff also argues that an award of attorney's fees is unjustified because Plaintiff had a genuine dispute as to the reasonableness of the interrogatories served by Defendant, and Defendant did not attempt in good faith to actively resolve the dispute prior to filing its motions to compel as required by Rule 37(a)(5)(A)(i) of the Federal Rules of Civil Procedure. The Court clearly explained the reasons why Plaintiff's objections were not

justified. Plaintiff does nothing more than rehash arguments already considered by the Court. Because a motion for reconsideration should not be used to reargue an issue the Court has already rejected, Plaintiff's argument is unavailing. *See Arthur v. King*, 500 F.3d 1335, 1343–44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) (stating that a motion for reconsideration should not be used to reargue an issue the Court has already dismissed, or to offer an argument or evidence that could have been presented prior to the entry of judgment). Moreover, and contrary to Plaintiff's contention, the Court is satisfied that Defendant tried to resolve the matter with Plaintiff before filing its motion to compel as required by Rule 37(a)(5)(A)(i).

Plaintiff further requests that the Court reconsider its order directing Plaintiff to appear at a deposition in Tampa, on what she argues is a "a ten-day notice," and to file responses to Defendant's interrogatories and requests for production within a ten-day deadline. Local Rule 3.02 states that "a *party* desiring to take the deposition of any person upon oral examination shall give at least 14 days' notice in writing . . . to the deponent." M.D. Fla. L. R. 3.02 (emphasis added). The Court is not a party. Nevertheless, the September Court Order was entered on September 9, 2019, which is fifteen days before the deposition.

In addition, as stated in the Court's Order, dated September 18, 2019 (Doc. 170), Plaintiff must make herself available for deposition in the judicial district in which she filed suit. *Curry v. HSBC N.A. Holdings, Inc.*, No. 8:14-CV-2420-T-30JSS, 2015 WL 4911447, at *2 (M.D. Fla. Aug. 17, 2015); *see also DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 608 (N.D. Fla. 2019) (stating that there is a presumption that a plaintiff may be

4

deposed in the district in which he has initiated his action); *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) (stating that the "Plaintiff in an action should expect to be deposed in the forum where the action is pending"). Given that the Court had already addressed Plaintiff's request to postpone or prevent her deposition, the Court finds no reason to grant Plaintiff's motion for reconsideration as to this matter. Finally, the Court finds the ten-day deadline to produce the discovery was proper under the circumstances. Accordingly, it is hereby

ORDERED: Plaintiff's Verified Motion to Reconsider Court Order (Doc.#[153]) (Doc. 162) is DENIED.

ORDERED in Tampa, Florida, on September 20, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

cc:  Counsel for record
      *Pro se* Plaintiff